UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-949 JD |
| | ) |
| ROYCE A. PLETCHER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Royce Pletcher operates a company that performs RV paint repair. He bought insurance with Auto-Owners Insurance Company through one of its agencies, KFG Insurance Agency. In August 2018, the business experienced a fire that caused significant damage, so Mr. Pletcher submitted a claim. Auto-Owners paid for part of the loss, but now it seeks to deny coverage and rescind the policy because the application contained false information. Auto-Owners filed this suit against Mr. Pletcher, KFG Insurance, and one of KFG Insurance's employees, Leann Davis, alleging that they are responsible for providing false information. Mr. Pletcher filed counter- and cross-claims, and his business intervened as a defendant and has likewise sought to file counter- and cross-claims.

KFG Insurance and Ms. Davis have now moved to compel arbitration of Auto-Owners' claims against them and to stay the claims pending the arbitration. They rely on an arbitration provision in KFG Insurance's agency contract with Auto-Owners. That provision states: "In the event of any dispute arising out of the Contract, parties agree to submit such dispute to arbitration . . . ." [DE 1-4 Part VIII]. Auto-Owners opposes the motion.

The Federal Arbitration Act "embodies both a 'liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.'" *Gore v. Alltel Comm'ns,*

*LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). A court may compel arbitration when three elements are present: "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). When a court compels arbitration, it must also stay the claims. 9 U.S.C. § 3.

Auto-Owners does not dispute the existence of a binding agreement to arbitrate with KFG Insurance. It argues, however, that Ms. Davis is not a party to that contract, and that the claims against her should not be stayed unless KFG Insurance first admits that it is responsible for her conduct (apparently on the theory that such an admission would render the claims against Ms. Davis superfluous). First, Auto-Owners' argument that KFG Insurance's liability for Ms. Davis' conduct must be established prior to arbitration is a non-starter. That is a question on the merits of the claims that would be resolved in arbitration, not a condition precedent to arbitration. The question of whether Ms. Davis can enforce the arbitration provision as a non-signatory to the contract is a distinct issue from the substance of the claims.

For her part, though, Ms. Davis fails to develop any argument as to why she should be entitled to enforce the arbitration agreement. The Supreme Court has held "that 'traditional principles of state law' govern whether a contract, including an arbitration agreement, is enforceable by or against a non-party." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)). Thus, "a litigant who was not a party to the relevant arbitration agreement may invoke [the Federal Arbitration Act] if the relevant state contract law allows him to enforce the agreement." *Arthur Andersen*, 556 U.S. at 632. Ms. Davis' filings do not discuss any Indiana standards on the enforceability of contracts by non-signatories, nor do they cite any Indiana cases to that effect.

And though Auto-Owners raised the issue in its response brief that Ms. Davis is not a party to the contract, Ms. Davis did not substantively address that argument in her reply brief or discuss why she is nonetheless entitled to compel arbitration of the claims against her.[1] Ms. Davis has thus failed to meet her burden of showing that an arbitration agreement exists between her and Auto-Owners, so the Court denies the motion to compel Auto-Owners to arbitrate its claims against Ms. Davis.

An arbitration agreement undisputedly exists between Auto-Owners and KFG Insurance, though, so the Court must consider whether the claims against KFG Insurance are within the scope of that agreement, such that those claims must be referred to arbitration. Once it is clear that the parties entered a contract "that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012). "'To this end, a court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quoting *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)).

The arbitration provision here states, "In the event of any dispute *arising out of* the Contract, the parties agree to submit such a dispute to arbitration[.]" [DE 1-4 Part VII (emphasis added)]. The Seventh Circuit has interpreted similar provisions expansively, holding that the phrase "'arising out of' reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract." *Gore*, 666 F.3d at 1033

---

[1] Ms. Davis states in a footnote in her opening brief that the contract states that it "is binding on all employees, representatives, and associates of KFG," but she does not develop any argument for why Indiana law would allow her to enforce the contract based on that provision.

(internal quotation omitted); *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). Under that standard, the claims at issue here squarely arise out of the contract.

To begin with, Count IV of Auto-Owners' complaint expressly invokes the contract's indemnification provision as the basis for the claim. [DE 8 ¶ 59 ("Per the Agency Contract, . . . KFG Agency is obligated to indemnify [Auto-Owners] for all expenses arising from the fraud, misrepresentation, errors, and omissions of KFG Agency[.]")]. Auto-Owners argues that the claim does not arise under the contract because the dispute is purely factual and does not involve competing interpretations of the contract. That is irrelevant, though. This claim seeks to enforce the contract, so the dispute arises out of the contract; it does not matter whether the dispute "implicate[s] interpretation or performance of the contract." *Gore*, 666 F.3d at 1033.

Auto-Owners' claims for negligence and breach of fiduciary duty arise under the contract, too. The contract grants KFG Insurance the "authority to receive applications for contracts of insurance written by [Auto-Owners] and to bind coverage[.]" [DE 1-4 Part I(1)]. It also requires KFG Insurance to "complete all documents required by [Auto-Owners], including but not limited to, applications, binders or requests for policy changes." *Id.* Part I(7). It further requires KFG Insurance to "promptly report to [Auto-Owners] improper or illegal activities or breaches of the Company policies . . . by any employee of [KFG Insurance]," and makes KFG Insurance responsible for the performance of its agents. *Id.* Part I(2), (9). Auto-Owners' claims arise out of those responsibilities. Auto-Owners alleges that KFG Insurance is liable because its employees provided false information in the application they submitted to Auto-Owners and failed to provide accurate information in response to questions.

4

In resisting arbitration, Auto-Owners notes that its claims for negligence and breach of fiduciary duty are based on common law duties, and do not assert breaches of the contract. Again, that is irrelevant. The contract calls for KFG to accept applications and to complete documents required by Auto-Owners. The claims at issue here arise out of the relationship created by the contract and out of KFG Insurance's performance of those duties, so the claims have their origin or genesis in the contract. Thus, Auto-Owners' claims against KFG Insurance fall within the scope of the arbitration agreement.

Finally, Auto-Owners argues that compelling arbitration would result in piecemeal litigation because only part of the dispute is subject to the arbitration agreement. Auto-Owners has also sued Mr. Pletcher, who asserted counter-claims and cross-claims, and his company also intervened as a party. None of those claims are subject to an arbitration agreement, so an arbitration could only resolve a portion of the greater dispute, which could generate inefficiencies and inconsistencies. That is not a basis to avoid arbitration, though. The Federal Arbitration Act makes no exception for those circumstances, and the Seventh Circuit has expressly rejected this argument:

> At its core, [the plaintiff's] argument is that it is unfair to force it to litigate and to arbitrate the same legal and factual issues with different parties. The short answer to this is that the Federal Arbitration Act (FAA) makes no exception to the enforceability of arbitration clauses when this type of inefficiency exists. . . . If there is to be a duplicative proceeding exception, it is for Congress to add it to the FAA; it is not for us to create . . . .

*Reliance Ins. Co. v. Raybestos Prods. Co.*, 382 F.3d 676, 679–80 (7th Cir. 2004). Accordingly, because an agreement to arbitrate exists and the claims are within the scope of that agreement, the Court must grant the motion to compel arbitration of Auto-Owners' claims against KFG Insurance. For the same reasons, the Court must also stay those claims pending the conclusion of arbitration. 9 U.S.C. § 3.

It is unclear whether the motion also seeks to stay the other claims in this action that are not subject to an arbitration agreement, including the claims by or against Mr. Pletcher and his business. Neither side's filings address the status of those distinct claims should the Court grant the motion to compel arbitration, and Mr. Pletcher has not been heard on that issue. The Court therefore stays this action solely as to Auto-Owners' claims against KFG Insurance. Should any party wish to extend the stay beyond those claims, it will need to file a new motion addressing this specific circumstance. And should Ms. Davis wish to argue that she is entitled to arbitrate the claims against her, she may file a renewed motion to compel arbitration that addresses why Indiana law entitles her to enforce the arbitration provision.

The Court therefore GRANTS the motion to compel arbitration [DE 31] as to Auto-Owners' claims against KFG Insurance and STAYS those claims. The Court DENIES the motion as to Ms. Davis. This case remains pending except as to the claims between Auto-Owners and KFG Insurance.

SO ORDERED.

ENTERED: May 1, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court